**Wanda Heard Broner**
**1246 Pixley Drive**
**Riverdale, Georgia 30296**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
AT ATLANTA, GEORGIA DIVISION

WANDA HEARD BRONER,

Plaintiff,

v.

CITY OF FOREST PARK, GEORGIA;
OFFICER _____ WOODARD, in her
official capacity with the City of Forest Park Police Department;
SUPERVISING OFFICER YALANDA L. GREENE, in
her official capacity with the City of Forest Park Police Department;

Defendants.

_____/

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 2 0 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Case No.

**1 18-CV-3947**

**COMPLAINT FOR NEGLIGENCE, RICO VIOLATIONS PURSUANT TO
18 U.S.C. §1962(b), (c) and (d) AND VIOLATIONS OF CIVIL RIGHTS PURSUANT
TO 42 U.S.C. §1983 AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW, WANDA HEARD BRONER ("Plaintiff" or "Ms. Broner"), an individual who is a residence of Riverdale, Georgia, and appearing pro-se, alleges as follows:

## INTRODUCTION

1. This action arises due to Negligence, RICO Violations and Civil Rights Violations and seeking Injunctive Relief as to actions that have taken place by the Defendants as set forth below:

## THE PARTIES

2. This action is brought by Plaintiff, WANDA HEARD BRONER ("Plaintiff" or "Ms. Broner").

3. Plaintiff is a resident of Riverdale, Georgia.

4. All Defendants are residents or entities located in Georgia and are collectively the "RICO Defendants" or the "Defendants".

5. Defendant, CITY OF FOREST PARK, GEORGIA is a municipality located in the state of Georgia.

6. Defendant, OFFICER _____ WOODARD("Officer Woodard") is an officer with the Forest Park, Georgia Police Department.

7. Defendant, SUPERVISING OFFICER YALANDA L. GREENE ("Officer Greene") is an officer with the Forest Park, Georgia Police Department.

## STATEMENT OF FACTS

1. Plaintiff is a Black, African-American woman who resides in Riverdale, Georgia and has resided there since July 2010.

2. On or about July 12, 2015, Officer Woodard initiated a traffic stop without about probable cause and in proceeded to engage in a search and seizure without any probable cause.

3.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332(a)(1) as the Plaintiff and Defendants are citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional amount set forth in 28 U.S.C. §1332(a).

5. The Court has original jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1658 and 18 U.S.C. §1964 (b), (c) and (d).

6. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events that give rise to Plaintiff's claims asserted in this action occurred in this judicial district.

## COUNT I

### (As to RICO Defendants)

### VIOLATION OF RICO, 18 U.S.C. §1962(b) and (c)

7. The Plaintiff re-alleges and incorporates by referenced the allegations in the above paragraphs, as if fully set forth herein.

8. At all relevant times, the RICO Defendants are a person within the meaning of 18 U.S.C. §§1961(3) and 1962 (b) and (c).

9. The RICO Defendants and their co-conspirators are a group of persons associated together in fact for the common purpose of carrying out an ongoing criminal enterprise, as described in the foregoing paragraphs of the Complaint.

10. The RICO Defendants and their co-conspirators constitute an enterprise within the meaning of 18 U.S.C. §1962(c) and at all times relevant, said enterprise was engaged in, and its activities affected interstate and foreign commerce within the meaning of 18 U.S.C. §1962(c).

11. The RICO Defendants conducted or participated, directly or indirectly, in the conduct, management, or operation of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of and in violation of 18 U.S.C. §1961(5) and in violation of 18 U,S.C. §1962(c).

12. The RICO Defendants through a "pattern of racketeering activity" engaged in the collection of unlawful debt and acquired or maintained, directly or indirectly, an interest in or control of an enterprise, the activities of which affected interstate or foreign commerce within the meaning of and in violation of 18 U.S.C. §1961 (5) and 18 U.S.C. §1962(b).

13. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

14. Pursuant to 18 U.S.C. §1964(c), Plaintiff is entitled to recover treble damages plus costs and attorneys' fees from the RICO Defendants.

15. Plaintiff is further entitled to, and should be awarded, a preliminary and permanent injunction that enjoins Defendants, their assignees and anyone else acting in concert with them from continuing their course of conduct.

## COUNT II

## (As to RICO Defendants)

## VIOLATION OF RICO, 18 U.S.C. §1962(d)

16. The Plaintiff re-alleges and incorporates by referenced the allegations in the above paragraphs, as if fully set forth herein.

17. The RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. §1962(b) and (c) as described above, in violation of 18 U.S.C. §1962(d).

18. Upon information and belief, the RICO Defendants knew that they were engaged in a conspiracy to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity, and the participation and agreement of each of them was necessary to allow the commission of this pattern of racketeering activity. This conduct constitutes a conspiracy to violate 18 U.S.C. §1962(b) and (c), in violation of 18 U.S.C. §1962(d).

19. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

20. Pursuant to 18 U.S.C. §1964(c), Plaintiff is entitled to recover treble damages plus costs and attorneys' fees from the RICO Defendants.

21. Plaintiff is further entitled to, and should be awarded, a preliminary and permanent injunction that enjoins Defendants, their assignees and anyone else acting in concert with them from continuing their course of conduct.

## COUNT III

### (As to Defendant, Officer Woodard and Officer Greene)

**NEGLIGENCE**

22. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

23. Officer Woodard and Officer Greene owed Plaintiff a duty of care to carry out their responsibilities by exercising the degree of care, skill and diligence that ordinarily prudent persons in like positions would use under similar circumstances.

24. Defendants, through their gross negligence, breached their duties of care and acted with reckless disregard and continue to act with reckless disregard towards Plaintiff.

25. As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT IV

### (As to all Defendants)

**VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983**

26. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

27. The actions of Defendants were done under color of state law and are in violation of Plaintiff's right to Due Process as guaranteed by the Fourteenth Amendment of the United States Constitution and in violation of the implicit guarantee of the Fifth Amendment of the United States Constitution that each person receive Equal Protection of the laws.

an unjust

## COUNT V

## INJUNCTIVE RELIEF

29. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

30. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff can seek injunctive relief.

31. The Plaintiff is likely to succeed on the merits of its claims against the Defendants for RICO Violations, Gross Negligence, Negligence and Civil Rights violations.

32. To the extent that the balance of hardships is weighed in this matter, the Defendants will not suffer substantial harm if the Plaintiff's request is granted.

33. The balance of hardships weighs in Plaintiff's favor.

34. Plaintiff will suffer irreparable and imminent harm if requested injunctive relief is not granted.

35. Plaintiff has no other adequate remedy at law.

36. There is no adverse public interest that will result from the granting of injunctive relief in this matter.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands a trial by jury and a Judgment in favor of the Plaintiff as follows:

**On the First and Second Counts for Relief:**

1. For general damages according to proof at trial, trebled according to statute, 18 U.S.C. §1964(c);

2. For prejudgment interest according to statute; and

3. For Plaintiff's reasonable attorneys' fees and costs according to statute, 18 U.S.C. §1964(c).

**On the Third and Fourth Counts for Relief:**

4. An award of damages in an amount to be established at trial;

5. An award of prejudgment interest on such damages;

6. An award of attorneys' fees, costs and other expenses recoverable in connection with this proceeding; and

7. Such other and further relief as the Court may deem just, equitable or proper.

**On the Fifth Count for Relief:**

8. For equitable relief as appropriate pursuant to applicable law, including but not limited to issuing a temporary restraining order, a preliminary injunction and a permanent injunction that bars Defendant, their assignees and anyone else acting in concert with them from continuing their course of conduct.

9. An award of attorneys' fees, costs and other expenses recoverable in connection with this proceeding; and

10. Such other and further relief as the Court may deem just, equitable or proper.

RESPECTFULLY SUBMITTED this 7th day of August, 2018.

By: _____
Plaintiff WANDA HEARD BRONER